United States District Court
Southern District of Texas
**ENTERED**
January 23, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CENTURY NEXT BANK, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-2461 |
| | § | |
| JPMORGAN CHASE BANK, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This dispute is based on allegedly fraudulent checks negotiated by Chase, deposited into one of its customer's accounts, and paid by Century Next. (Docket Entry No. 5-1 at 2). Century Next sued in state court to recover the amount of the fraudulent checks, and Chase timely removed the case to federal court. (Docket Entry No. 1). Chase argues that this court has federal-question jurisdiction over the case because Century Next alleged causes of action that depend on violations of federal law. (*See id.* at 5–6). Century Next moved to remand and to amend its complaint to drop the allegations that Chase argues create federal jurisdiction. (Docket Entry Nos. 4, 5).

Based on the pleadings, the motions, the record, and the applicable law, the court grants Century Next's motion for leave to amend, (Docket Entry No. 5), and motion to remand, (Docket Entry No. 4). The case is remanded to the 190th District Court of Harris County, Texas.

**I.  Background**

This case involves a dispute over the liability of the paying bank (Century Next) and depositary bank (Chase) for the negotiation of two fraudulent checks totaling $63,762.20 issued by Century Next's customer, Steve Bolin Logging, Inc., and deposited into the account of Chase's customer, Lillian Robinson. (Docket Entry No. 7-2 ¶¶ 1–7). Century Next alleges that two checks

were "intercepted" and altered to be made payable to Robinson rather than the intended recipients. (*Id.* ¶ 8).

This is the second time Chase has tried to remove this case from state court. Century Next filed suit on July 28, 2023; Chase tried to remove based on diversity jurisdiction on December 21, 2023; a different judge in this district remanded the case on March 8, 2024; Century Next then supplemented its complaint on April 29, 2025, to argue state-law liability theories based in part on Chase's alleged violation of federal banking regulations; and then Chase removed again on May 29, 2025. (Docket Entry No. 1 at 1–2).

Century Next seeks to remand the case, either because this court lacks jurisdiction or because it will amend its complaint to remove the asserted bases for federal jurisdiction. (Docket Entry Nos. 4, 5). Chase frames the amendment-and-removal gambit as Century Next's attempt to drive up litigation costs and avoid an adverse summary-judgment ruling that was impending in state court. (Docket Entry No. 7 at 3). Century Next complains that Chase is doing everything it can to get back into the federal court after improperly removing back in 2023, including by engineering frivolous federal questions. (Docket Entry No. 4 at 1–6).

## II.   Analysis

### A.   Leave to Amend

Century Next moves to amend its complaint to drop the alleged bases for federal jurisdiction. (Docket Entry No. 5). "Once the plaintiff has ditched all claims involving federal questions, the leftover state claims are supplemental to nothing—and § 1367(a) does not authorize a federal court to resolve them." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 34 (2025). Leave to amend pleadings "shall be freely given when justice so requires" but "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (cleaned up).

Courts should permit amendment absent "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Chase argues that Century Next seeks leave to amend in bad faith. (Docket Entry No. 7 at 5). Chase asserts that bad faith and dilatory motive are shown when the motion to amend "is obviously interposed by plaintiffs in an attempt to avoid" an unfavorable ruling on a dispositive motion, *Wimm*, 3 F.3d at 139; when amendments are "designed to secure a tactical advantage," *SMH Enters., L.L.C. v. Krispy Krunchy Foods, L.L.C.*, 340 F.R.D. 554, 561 (E.D. La. 2022); or when amendments are designed to manipulate the dispute's forum, *see Bouie v. Equistar Chemicals LP*, 188 F. App'x 233, 238 (5th Cir. 2006) (per curiam) (upholding finding of bad faith based on an attempt to eliminate federal-question jurisdiction through an amendment).

The record does not contain sufficient evidence of bad faith to deny Century Next's request for leave to amend. Most of what Chase points to derives from Century Next's state-court amendment that added claims arguably based on violations of federal regulations. Chase argues that Century Next offers no justification for adding those claims two years after filing suit in state court. (Docket Entry No. 7 at 5). Chase also argues that Century Next pivoted to violations of federal regulations to avoid an impending summary-judgment dismissal. *See Mitsubishi Aircraft Int'l, Inc. v. Brady*, 780 F.2d 1199, 1203 (5th Cir. 1986) (stating that failing to urge a claim which is "usually apparent at the outset of a case . . . strongly suggests either a lack of diligence . . . or a lack of sincerity"). These arguments could have persuaded the state court to deny leave to amend, but it is not clear why they are reasons to deny leave to amend now, in federal court.

*Bouie* is the only case Chase cites that is close to the facts here. In that case, the Fifth Circuit held that a federal district court did not abuse its discretion in finding "bad faith on the part

3

of Bouie for forum shopping" after "noting that Bouie's intention was to defeat federal jurisdiction." 188 F. App'x at 238. *Bouie* does not hold that a district court would abuse its discretion by declining to find bad faith.

More recent case law has blunted *Bouie*'s holding. The background jurisdictional principles against which the Fifth Circuit decided *Bouie* have changed. Before *Wullschleger*, the Fifth Circuit held that "a post-removal amendment to a petition that deletes all federal claims, leaving only pendent state claims, *does not* divest the district court of its properly triggered subject matter jurisdiction." *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994). But after *Wullschleger*, post-removal amendments that delete all federal claims "deprive[]" federal courts of subject-matter jurisdiction and "dissolve[]" their "supplemental jurisdiction over the state claims." 604 U.S. at 44. Post-removal amendments may have jurisdictional effects, but federal law now enables them; a finding of bad faith cannot easily arise from an attempt to defeat federal jurisdiction through post-removal deletion of some claims. *See Enochs v. Lampasas County*, 641 F.3d 155, 160 (5th Cir. 2011) (explaining that the deletion of federal claims from a complaint is "not a particularly egregious form of forum manipulation, if it is manipulation at all").

Chase's assertion of bad faith is less convincing here because it is not clear that Century Next sought to add federal claims through its state-court amendment. Century Next asserted state-law causes of actions based on standards of care in federal regulations. It is "rare" that a federal court will assert jurisdiction in such cases, *Wullschleger*, 604 U.S. at 26, because Congress did not intend to "herald[] a potentially enormous shift of traditionally state cases into federal courts," *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 319 (2005). Whatever bad faith Century Next may have had when it delayed amendment in state court is not relevant to its effort to maintain the state forum it sought since this litigation began. *See, e.g., Wilson's Wilson*

4

*v. Experian Info. Sols., Inc.*, No. CV 25-11153-BEM, 2025 WL 1594750, at *2 (D. Mass. June 5, 2025) (rejecting an argument that the plaintiff constructively amended his complaint in bad faith and remanding the case to state court on the expectation that the plaintiff will be estopped from asserting the disputed federal claims dismissed to force a remand); *Miles v. LSG Sky Chefs Inc.*, No. 3:25-CV-1355-E-BN, 2025 WL 2100659, at *2 (N.D. Tex. July 2, 2025) (same), *report and recommendation adopted*, No. 3:25-CV-1355-E, 2025 WL 2099211 (N.D. Tex. July 25, 2025).

Century Next's motion for leave to amend its complaint, (Docket Entry No. 5), is granted.

**B.     Motion to Remand**

For statutory purposes, a case can arise under federal law in two ways. First, and directly, a case arises under federal law when federal law creates the cause of action asserted. *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). As a rule of inclusion, this "creation" test admits of only extremely rare exceptions, *see, e.g.*, *Shoshone Mining Co. v. Rutter*, 177 U.S. 505 (1900), and accounts for the vast bulk of suits that arise under federal law, *see Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9 (1983). Second, federal jurisdiction over a state-law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Grable*, 545 U.S. at 313–14. When all four of these requirements are met, jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts. *Id.* at 313–14.

Jurisdiction over Century Next's amended complaint is possible only if its aiding-and-abetting claim satisfies the *Grable* test. It does not.

Texas state law makes parties "liable for knowingly participating" in another's tort or breach of duty. *City of Fort Worth v. Pippen*, 439 S.W.2d 660, 665 (Tex. 1969). To succeed on a claim for aiding and abetting, a plaintiff must show: (1) the primary actor's activity accomplished a tortious result, (2) the defendant provided substantial assistance to the primary actor in accomplishing the tortious result, (3) the defendant's own conduct, separate from the primary actor's, was a breach of duty to the plaintiff, and (4) the defendant's participation was a substantial factor in causing the tort. *See Premier Res. Labs, LP v. Nurman*, No. A-13-CA-069-SS, 2014 WL 12461960, at *10–11 (W.D. Tex. March 12, 2014).

Century Next alleges that "Chase Bank assisted and/or participated in the negotiation of the Checks and in the disbursements of the funds to an unauthorized party which caused Plaintiff to suffer substantial damages." (Docket Entry No. 5-1 ¶ 21). It further claims that "Chase Bank improperly opened the account that was used to conduct money laundering and/or bank fraud," thereby accepting checks "it never should have accepted" and "allowing its customer to disburse the stolen proceeds under suspicious circumstances." (*Id.* ¶ 22). According to Century Next, this constitutes aiding and abetting bank fraud. Century Next also claims that Chase aided and abetted bank fraud because it disregarded its own internal policies and federal law, "including nearly every applicable AML/BSA regulation." (*Id.* ¶ 23 (footnote omitted)). Had Chase adhered to its internal policies or federal regulations, Century Next asserts, then it would have identified the fraudulent transactions and prevented Century Next's injury. (*Id.* ¶¶ 24–37).

This cause of action, though based in part on federal regulations, does not involve a substantial federal question, let alone one that is disputed. Century Next uses federal regulations and guidelines to demonstrate that Chase knew of the alleged fraud and aided in its occurrence.

(*See id.* ¶ 36). The federal regulations are probative of a fact relevant to liability under state law; they are not alleged as the determinative legal liability standard.

Even if the federal regulations established the relevant standards of care, that still would not be enough to invoke federal-question jurisdiction. Functionally, "[e]xercising federal jurisdiction over a state law claim merely because federal regulations govern the standard of care 'would considerably intrude on state authority.'" *Rivera v. Orion Marine Grp. Inc.*, 509 F. Supp. 3d 926, 942–43 (S.D. Tex. 2020) (quoting *Singh v. Duane Morris LLP*, 538 F.3d 334, 340 (5th Cir. 2008)). Formally, under *Grable*, resolving issues of compliance with federal regulations "will not necessarily be dispositive of" the plaintiff's claims because a plaintiff may prove negligence without establishing a violation of federal regulations, *Broussard v. LCS Correction Servs., Inc.*, No. 6:10-CV-0155, 2010 WL 2710642, at *6 (W.D. La. July 6, 2010), or because "compliance with federal regulations" may not save one from a negligence finding, *Baird v. Shagdarsuren*, No. 3:17-CV-2000-B, 2020 WL 208815, at *8 (N.D. Tex. Jan. 14, 2020); *see U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 139 (Tex. 2012) ("The mere existence of federal regulations does not establish the standard of care or establish gross negligence per se."); *Eli Lilly & Co. v. Revive Rx, LLC*, ___ F. Supp. 3d ___, 2025 WL 3640703, at *6–11 (S.D. Tex. Dec. 15, 2025) (same).

Century Next also argues that jurisdiction is inappropriate because it can prove its aiding-and-abetting cause of action through a variety of different theories, only one of which would rely on federal law. Century Next points to its allegations that Chase assisted and participated in negotiating the disputed checks and distributing the funds to unauthorized parties, as well as its allegations that Chase made fraudulent representations to Century Next. (Docket Entry No. 11 at 5–6). Because Chase's breach of federal regulations is only one basis to find that Chase aided and abetted the banking fraud that harmed Century Next, Century Next argues this court does not have

7

jurisdiction over the claim. *See de Pacheco v. Martinez*, 515 F. Supp. 2d 773, 785 (S.D. Tex. 2007) ("[W]hen a claim can be supported by alternative and independent theories—one of which is state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." (quoting *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 346 (9th Cir. 1996))).

Chase resists this conclusion, for several reasons. First, it contends that federal law is necessary to resolve the aiding-and-abetting claim because Century Next has not alleged an underlying state-law duty that Chase breached. *See* RESTATEMENT (SECOND) OF TORTS § 876(c) (explaining a person is subject to liability if he "gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person"); (Docket Entry No. 8 at 15). Second, Chase argues that Century Next does not plead alternative and independent aiding-and-abetting theories because the purported state-law theories on which Century relies—assisting in the negotiation of checks and disbursement of funds—do not allege breaches of a state-law duties. Instead, the only breaches are of federal banking regulations. (*Id.* at 17–20). Third, Chase contends that, at a minimum, the aiding-and-abetting claim necessarily depends on disputed interpretations of federal regulations. (*Id.* at 20–23).

These arguments do not justify federal jurisdiction. Each depends on the position that the duties Chase allegedly owed Century Next are based on federal banking regulations, not state law. Texas law treats federal regulations as evidence of the relevant standard of care without adopting those regulations as determinative of liability, so interpreting federal guidelines is not necessary, under *Grable*, to resolve the dispute. *See Rivera*, 509 F. Supp. 3d at 942–43; *Waldrip*, 380 S.W.3d at 139; *see also Allen Saltzman LLP v. Bank of Am. N.A.*, No. 24-cv-956, 2024 WL 3582626, at

\*2 n.1 (C.D. Cal. July 29, 2024) (rejecting asserted violations of federal-banking regulations as a basis for jurisdiction because the plaintiff based its state-law claim on a violation of the defendant's "own policies," which in part matched federal regulatory standards).  In this case, the question is whether Chase adhered to the relevant standards of fraud prevention and suspicious-customer monitoring, not whether it adhered to federal regulations.  "When as in this case, reference is made to federal law 'only as a method of demonstrating Defendants breached their duty to'" the plaintiff, "there can be no federal question jurisdiction . . . ."  *NewFirst Nat'l Bank v. JPMorgan Chase Bank, N.A.*, No. CV 24-3352, 2024 WL 5170755, at \*5 (S.D. Tex. Dec. 19, 2024) (quoting *Coffman v. Dutch Farms, Inc.*, 2017 WL 1217238, at \*3 (N.D. Ind. Feb. 24, 2017)).

Opioid cases present an analogy.  In them, victims of the epidemic alleged that manufacturers, distributors, and pharmacies violated DEA regulations about the monitoring of suspicious prescription-drug orders.  Courts refused to exercise federal-question jurisdiction because state law could determine the relevant standards of care.  *See, e.g.*, *Fire & Police Retiree Health Care Fund v. CVS Health Corp.*, No. 4:19-CV-02089, 2019 WL 13191642, at \*5 & n.4 (S.D. Tex. July 24, 2019) (explaining that independent state regulatory and common-law duties governed suspicious-order monitoring in opioids cases); *see id.* n.3 (identifying many cases reaching similar results).  Chase's alleged violations of banking, money-laundering, and other federal regulations similarly do not justify federal jurisdiction because breaches of them are not dispositive of Century Next's claims.

Lastly, this court has previously held that aiding-and-abetting liability that depends on federal banking regulations "would not" bear "heavily on 'the federal system' as a whole," dooming federal jurisdiction on *Grable*'s third prong.  *NewFirst Nat'l Bank*, 2024 WL 5170755, at \*4.  Chase has not persuaded the court to depart from its past ruling.

Chase argues that the federal regulations govern how banks process about 12 million checks each day. (Docket Entry No. 8 at 22). But that argument misconceives how the courts assess the "real-world effect" of legal rulings for purposes of *Grable*'s third prong. *Gunn v. Minton*, 568 U.S. 251, 262 (2013). In *Gunn*, the Court found the federal question to be insubstantial in part because "federal courts are . . . not bound by state court" rulings, because "state courts" are "expected to hew closely to the pertinent federal precedents," and because novel federal questions "will at some point be decided by a federal court in the context" of a true federal-court dispute, "laying to rest any contrary state court precedent." *Id.* at 262. There is no reason to think that "a Texas state court, in ruling on whether Chase aided and abetted its customers in committing [some state tort], in violation of federal banking regulations, would," *NewFirst Nat'l Bank*, 2024 WL 5170755, at *4, "control[] in numerous other cases," *Gunn*, 568 U.S. at 262 (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006)), let alone inform real-world banking behavior.

Chase may, in a future case, establish that Texas state courts are routinely misapplying federal banking regulations, and doing so in a way that undermines federal regulatory goals. But until it does so, *Grable* does not justify federal jurisdiction over state-law claims that rely in part on federal regulations. For these reasons, Century Next's motion for remand, (Docket Entry No. 4), is granted.

## C.    Attorney's Fees, Expenses, and Costs

Century Next requested attorney's fees, expenses, and costs in its motion for remand. (Docket Entry No. 4 at 15). Under 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Decisions on the award of such fees turn on the reasonableness of the removing

party's actions. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Century Next is not entitled to attorney's fees, expenses, and costs because its state-court complaint at the time of removal provided a reasonable basis to remove the case to federal court.

Century Next's supplement to its complaint states that it "brings additional claims under Reg CC and/or UCC." (Docket Entry No. 1-3 at 70). Some courts have held that claims based on violations of Regulation CC state federal questions. *See, e.g.*, *Fox River Graphics, Inc. v. First Midwest Bank*, No. 03-cv-0938, 2004 WL 526280, at *3 (N.D. Ill. Mar. 15, 2004); *See, e.g.*, *Bergwall L. Firm, P.C. v. Bank of Am., N.A.*, No. 10-cv-4500, 2012 WL 13032943, at *3 (D.N.J. June 28, 2012); *Garfield-Dan Ryan Currency Exch., Inc. v. Citibank, N.A.*, No. 23-cv-5033, 2024 WL 2052077, at *1 (N.D. Ill. May 8, 2024). Even in cases in which courts remand claims brought under Regulation CC, they decline to award fees because Regulation CC presents close removal questions. *See, e.g.*, *Annadele Inc. v. Iberiabank*, No. 18-cv-9162, 2018 WL 5785956, at *2 (E.D. La. Nov. 5, 2018) ("Although the Court has concluded that removal was improper, the Court finds it was objectively reasonable for Defendant to file its notice of removal after receiving Plaintiff's petition, referencing Regulation CC."); *First Pryority Bank v. F & M Bank & Tr. Co.*, No. 10-cv-0434, 2010 WL 3547431, at *5 (N.D. Okla. Sept. 9, 2010) (similar).

Century Next's claim under Regulation CC does not impact this court's removal analysis because Century Next dropped the claim in its amended complaint. But Chase removed based in part on the complaint's claim under Regulation CC. Removal based on federal-question jurisdiction was reasonable. Century Next is not entitled to attorney's fees, expenses, and costs.

**III.  Conclusion**

Century Next's motion for leave to amend, (Docket Entry No. 5), is granted. Century Next's motion for remand, (Docket Entry No. 4), is granted. Century Next's request for attorney's

11

fees, expenses, and costs, (Docket Entry No. 4 at 15), is denied.  The case is remanded to the 190th District Court of Harris County, Texas.

      SIGNED on January 23, 2026, at Houston, Texas.

                                                Lee H. Rosenthal
                                 Senior United States District Judge